UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TASSINARI FAMILY IRREVOCABLE TRUST-2013**,

    Plaintiff,

v.                                                                          2:24-cv-763-SPC-NPM

**JOHN HANCOCK LIFE INSURANCE COMPANY** and
**BROWN COMPANY INSURANCE AGENCY**,

    Defendants.

## ORDER

This breach-of-contract action involves a dispute over two whole-life insurance policies belonging—at least at the time of the initiation of this action—to plaintiff Tassinari Family Irrevocable Trust-2013 ("the Trust"). From the beginning, Brian Tassinari has attempted to litigate this action as a trustee of the Trust. After being advised that a nonlawyer trustee has no authority to represent a trust in court (Doc. 3), Tassinari filed a motion for substitution, alleging that the Trust had been dissolved and that ownership of the policies had been transferred to him. As such, Tassinari requests under Federal Rule of Civil Procedure 25(c),[1] that he be substituted for the Trust in this action. (Doc. 14). The court held a hearing on the

---

[1] Rule 25(c) provides that:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c).

motion on December 2, 2024. (Docs. 21, 24).

Upon consideration of the record, we find there is insufficient documentation to determine whether the Trust was lawfully dissolved, and whether ownership of the trust property was transferred to Tassinari. In fact, Tassinari stated that his sister and cousin were trustees of the Trust, and that Tassinari and his sister were beneficiaries. According to Tassinari, his cousin resigned as trustee, and his sister agreed to Tassinari being the sole trustee. Thereafter, he allegedly terminated the trust. But we do not have copies of the trust instruments, nor do we have documentation showing any consent from either Tassinari's cousin or sister.

Moreover, Tassinari asserts that under Florida law a trustee is authorized to terminate a trust with a value under $50,000. *See* Fla. Stat. § 736.0414(1) ("After notice to the qualified beneficiaries, the trustee of a trust consisting of trust property having a total value less than $50,000 may terminate the trust if the trustee concludes that the value of the trust property is insufficient to justify the cost of administration."). But the complaint alleges that at least one of the policy's paid-up insurance values is $52,937.12, and that the contract stated value is $78,135.46. Additionally, the total value of the trust property is further called into question since the complaint alleges that the trust may be owed over $8 million along with other damages. (Doc. 6 at 5). Thus, it appears that Fla. Stat. § 736.0414(1) may not be an appropriate vehicle for terminating the Trust.

Accordingly, Tassinari's motion for substitution (Doc. 14) is **denied**.

**ORDERED** on February 18, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge