UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN TASSINARI, Tassinari Family Irrevocable Trust-2013,

    Plaintiff,

v.   Case No.: 2:24-cv-763-SPC-NPM

JOHN HANCOCK LIFE INSURANCE COMPANY and BROWN COMPANY INSURANCE AGENCY,

    Defendants.
_____/

## **OPINION AND ORDER**

This matter is before the Court after review of the docket. For the below reasons, the Court dismisses this action without prejudice.

Brian Tassinari brought this action without an attorney and as trustee of a trust. (Doc. 1). But a trust "is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (citation omitted). So the Court ordered him to either show cause why this action should not be dismissed or obtain counsel. (Doc. 3).

Tassinari did not obtain counsel. Instead, he argued that he is suing in his capacity as the trustee of the trust, not as the trust itself, and therefore

may proceed pro se. (Doc. 6). The Court rejected this argument. It explained that regardless of whether a trustee may be a properly named plaintiff, "a nonlawyer trustee has no authority to represent a trust in court." (Doc. 9 at 1–2) (quoting *Marchelos*, 976 F.3d at 1236). Still, the Court gave Tassinari one more chance to obtain counsel. (*Id.* at 2).

Once again, Tassinari did not obtain counsel. Instead, he filed a motion for substitution, asserting that the trust had been dissolved and the trust's property has been transferred to him. (Doc. 14). The Court denied the motion, finding insufficient evidence of dissolution and transfer of the trust property and questioning whether Tassinari could even dissolve the trust under Florida Statute § 736.0414(1). (Doc. 25 at 2). Without substitution, Tassinari remains the named plaintiff in his capacity as trustee. And the trust remains unrepresented.

The Court has twice given Tassinari a chance to obtain counsel. He has twice failed to comply, and the court will not give him a third chance. Without counsel, Tassinari cannot litigate this action on behalf of the trust, and the Court must dismiss.

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED without prejudice**.

2

2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record